GEORGE L. SANTANGELO, ESQ.
111 BROADWAY
NEW YORK, NY 10006
212-269-4488
212-363-6978 (Facsimile)
gls@santangelo.ws

7 March 2008

Honorable Barbara S. Jones, USDJ
Southern District of NY
500 Pearl St
New York, NY 10007

                        Re: United States v. De Vito, et al.
                              S3 06 Cr. 1089 (BSJ)

Dear Judge Jones:

      The above indictment was filed on November 19, 2007 and the government has provided discovery consisting of 14 boxes of documents related to the bank fraud and insurance fraud counts contained in that indictment. On 26 November 2007 we requested particulars related to the insurance fraud counts (then contained in S2 06 Cr. 1089) and thereafter we requested particulars related to the bank fraud counts which were added in S3. We have not received any communication from the government regarding our demands.

      At our last status conference the Court set April 18 as the date to file motions and a trial date of June 9.

      It is impossible for counsel to prepare for motions or for trial without responses to our demand for a bill of particulars. Nor is it possible to undertake meaningful review of the 14 boxes of documents in the dark. The government has failed to answer legitimate requests for particulars so that we can identify the documents and parts of documents which were allegedly false, submitted to financial institutions and upon which they relied in giving the loans at issue. It is unfair to expect the defense to guess at the government's case. We have been unable to conduct a realistic investigation of witnesses revealed by the documents because we do not know what documents are relevant to the government's contentions.

      A bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure "is the one method open to a defendant in a criminal case to secure the details of a charge against him." 1 C. Wright, *Federal Practice and Procedure: Criminal* § 129, at 432 (2d

ed. 1982). The purpose of a bill of particulars is to "identify with sufficient particularity the nature of the charge pending …, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987); *accord United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). Since "the defendant is presumed to be innocent he must be presumed to be ignorant of the facts on which the charges are based." 1 C. Wright, at 439.

Inattention to this issue could cause this case to go down the road of *Bortnovsky*, where the Second Circuit reversed insurance fraud convictions as a result of the government's failure to provide a bill of particulars identifying the specific false statements underlying the charge:

> [A]ppellants were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information: the dates of the fake burglaries and the identity of the three fraudulent documents. Appellants were force to explain the events surrounding eight actual burglaries and to confront numerous documents unrelated to the charges pending.

*Bortnovsky*, 820 F.2d at 574-75. Rejecting the government's argument that the information was contained in massive discovery to the defendants, the Court noted:

> The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged.

*Id.* at 575. The court held that the bill of particulars should have been granted as it was "vital to appellants' understanding of the charges pending and to the preparation of a defense which would have prevented the Government in its attempt to proceed furtively." *Id.* at 575.

Massive, undifferentiated discovery also threatens defendant's rights to exculpatory information under *Brady v. Maryland,* 373 U.S. 83, 87 (1963) and its progeny. By way of illustration, in *United States v. Gil*, 297 F.3d 93, 105-06 (2d Cir. 2002), the Court held that exculpatory material had been effectively and improperly withheld even though the document in question had actually been produced shortly before trial. As the Court explained, "[t]he two-page memo was not easily identifiable as a document of significance, located as it was among reams of documents…." *Id.* at 106. Thus, although the "memo was produced before trial, the defense was not in a position to read it, identify its usefulness, and use it. … *Id.*

The Court is respectfully requested to schedule a status conference so that we can review the motion and trial schedule in view of the circumstances occasioned by the government's failure to answer legitimate demands for discovery and particulars.

                                                  Respectfully submitted,

                                                  George L. Santangelo Esq.
                                                  Attorney for Domenick De Vito

Filed Electronically