UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    - against -                                                                S4 06 Cr. 1089 (BSJ)

DOMINICK DEVITO et al.

                         Defendants.

## NOTICE OF DEFENDANT DOMINICK DEVITO'S MOTION TO COMPEL THE GOVERNMENT TO SERVE A BILL OF PARTICULARS

      PLEASE TAKE NOTICE, that upon the annexed affirmation of George L. Santangelo, Esq., duly affirmed the 27th day of May, 2008, and the exhibit annexed thereto, and all prior proceedings had herein, the undersigned, will move this Court at the Courthouse located at 500 Pearl Street, New York, New York, at a date and time to be designated by the Court for (A) an order pursuant to Fed. R. Crim. Pro. 7(f) ordering the government to provide responses to Mr. Devito's May 15, 2008 request for a bill of particulars; and (B) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      May 27, 2008

                              Yours, etc.

                              _____
                              LAW OFFICES OF
                              GEORGE L. SANTANGELO
                              111 Broadway, Suite 1706
                              New York, New York  10006
                              *Attorney for Defendant Dominick Devito*

TO:

Honorable Barbara S. Jones
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY  10007

AUSA Kathleen Goldstein
Assistant U.S. Attorney
Office of the U.S. Attorney, Southern District of New York
One St. Andrews Place
New York, NY  10007

Law Offices of Lawrence S. Goldman
500 Fifth Avenue, 29th Floor
New York, NY  10110

Lawrence DiGiansante, Esq.
 984 Morris Park Avenue
Bronx, NY 10462

Angelo Gerard MacDonald, Esq.
The MacDonald Law Firm
124 West 60th Street Suite 32 N
New York, NY 10023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   - against -

DOMINICK DEVITO et al.

                     Defendants.

S4 06 Cr. 1089 (BSJ)

**AFFIRMATION OF GEORGE L. SANTANGELO, ESQ.**
**IN SUPPORT OF DEFENDANT DOMINICK DEVITO'S MOTION TO COMPEL**
**THE GOVERNMENT TO SERVE A BILL OF PARTICULARS**

GEORGE L. SANTANGELO declares under penalty of perjury:

**INTRODUCTION**

1.     I am a member of the bar of this Court, and I am counsel to defendant Dominick Devito in the above-captioned case. I submit this affirmation in support of Mr. Devito's motion to compel the government to provide responses to Mr. Devito's request for a bill of particulars; and for such other and further relief as this Court may deem just and proper.

2.     Mr. Devito's request for a bill of particulars, directed specifically to the recently-returned fourth superseding indictment, is annexed hereto as Exhibit A. It is my understanding that the government does not intend to respond to the request. The government also declined to respond to a prior request for a bill of particulars regarding the third superseding indictment.

3.     The government apparently takes the view that document discovery and oral representations provide adequate particulars and that written responses to requests for a bill of particulars are unnecessary. This is a complex case, however, involving bank fraud, insurance

1

fraud and obstruction of justice where the indictment is riddled with open-ended terms such as "among other things" that signal additional, unstated allegations and consequently obligate the government to furnish specifics under longstanding authority in this Circuit. And, although the government has furnished some 14 boxes of discovery, and has promised to furnish more, under those same circuit authorities merely saying the answers to particulars can be found in volumes and volumes of discovery does not satisfy the government's obligations to furnish particulars. Further, the counts in the indictment are all based on alleged misrepresentations, and it is clearly incumbent upon the government to identify the specific documents and specific passages within them that contain the alleged misrepresentations. These and other requests for particulars are entirely appropriate and should be compelled by this Court.

## **BACKGROUND**

4.      The original indictment was returned in this case in 2006 and since that time four superseding indictments have been returned. In response to the third superseding indictment, on behalf of Mr. Devito I served the government with a request for a bill of particulars dated February 7, 2008 and met with the government regarding that request. The government did not furnish any bill of particulars. I then requested a status conference regarding the failure of the government to supply the requested particulars. At the conference, the government indicated that yet another superseding indictment was going to be returned and that the questions of defense counsel would be answered in connection therewith. The new and present, fourth superseding indictment was returned on April 29, 2008. At the May 7, 2008 conference convened by the Court, the government again indicated that questions regarding the new superseder would be answered. On behalf of Mr. Devito, I again served the government with a

2

request for a bill of particulars by letter dated May 15, 2008.  (Exh. A[1])  The court also set a

deadline of May 21, 2008 to move to compel particulars, which deadline was extended until

today, May 27, 2008.

5.       As of this writing the government has not provided any of the requested

particulars, and indeed, has not even responded to indicate formally that it will not furnish

particulars.  Over the course of the time since the initial indictment in 2006, the government has

provided approximately 16 boxes of documents as discovery.  An additional three boxes

concerning the new Count Thirteen have been promised but not received.  Although the

government has implied on various occasions that information sought by the defense may be

found in the many boxes of discovery, the government has not in any way sought to specifically

identify the documents that correspond to specific phrases or allegations in the indictment.

A.     **The Indictment**

6.       The fourth superseding indictment names four defendants, Dominick Devito,

Robert Didonato, John Liscio and Louis Cordasco, Jr.  Count One charges Devito and Didonato

with a broad conspiracy between January, 2002 and November, 2004 to commit bank fraud in

violation of 18 U.S.C. § 1349, alleging that in connection with the purchase of various

residential properties in Westchester County mortgage and home equity loans were obtained

through submission of false information, for example, as to the chain of title of the property, the

borrower's income and assets, and the nature of the transactions.  Counts Two through Twelve

charge substantive bank fraud in violation of 18 U.S.C. § 1344 in respect to specific properties.

Count Thirteen charges Mr. Devito with obstruction of justice in violation of 18 U.S.C. § 1503

---

[1] Discovery demands are also included in that document but are not presently at issue.

through submission to the Department of Probation of an allegedly false affidavit of net worth. Count Fourteen charges all four defendants under 18 U.S.C. § 1349 with mail fraud conspiracy from January, 2003 and February, 2005 for alleged agreement to submit false insurance claims for water damage at two residences.  Count Fifteen alleges substantive mail fraud in violation of 18 U.S.C. § 134 in regard to one of the properties at issue in Count Fourteen.  The indictment also seeks separate forfeiture under Counts One through Twelve on the one hand, and Counts Fourteen through Fifteen on the other.

7.    A striking feature of the indictment is the number of times it uses phrases such as "among other things," "including" or other phrases that signal the existence of additional but unarticulated allegations against the defendants.  This pattern reflects another consistent trend in the indictment, namely, the failure to identify the documents or passages therein that constitute the allegedly false submissions upon which all of the counts are based.  There are also numerous references to unnamed individuals such as "others known and unknown" or "other co-conspirators" and the conduct of individual defendants is not specified.  *See, e.g.,* ¶1 ("Among other things, DEVITO identified properties…"); ¶ ("other co-conspirators");  ¶ 3 ("Many of the loans were…"; "The properties in the scheme included…"); ¶ 4 ("certain documents, including…");  ¶ 6 ("other co-conspirators"; "In some cases, including…"); ¶ 7 ("…falsely represented the sale price of a property to the banks in various ways"; "In some cases, including…"; "falsely represented, among other things, …"); ¶ 8 ("various bank documents, including…"); ¶¶ 11-12 ("certain properties"; "defendants and their co-conspirators …"; "several of the properties"); ¶ 13 ("others known and unknown"); ¶ 14 ("defendants, and others known and unknown"; ("financial institutions… including but not limited to…"); ¶ 15 ("overt

acts, among others…"; (b) "false and misleading statement…regarding, among other things…;

(c) "false and misleading information about, among other things…"); (e) "false and misleading

information about, among other things…"); (i) "false and misleading information about, among

other things…"; (j) "false and misleading statements about, among other things…");  ¶ 16 ("false

information about, among other things…"); ¶ 17 ("false information about, among other

things…"); ¶ 18 ("false information about, among other things…"); ¶ 19 ("false information

about, among other things…"); ¶ 20 ("false information about, among other things…"); ¶ 21

("false information about, among other things…"); ¶ 22 ("false information about, among other

things…"); ¶ 23 ("false information about, among other things…"); ¶ 23 ("false information

about, among other things…"); ¶ 24 ("false information about, among other things…"); ¶ 25

("false information about, among other things…"); ¶ 26 ("false information about, among other

things…"); ¶ 31 ("false and misleading information about, among other things…"); ¶ 32

("among other properties"); ¶ 35 "at various homes … including…"); ¶ 36 (…for the benefit of

DEVITO, among others."); ¶ 37 ("others known and unknown"); ¶ 38 ("others known and

unknown"); ¶ 39 ("overt acts, among others…"; (c) "certain of DEVITO's personal

possessions"; (d) "personal items, including…"); (g) "and others"); ¶ 40 ("by, among other

things, …; "false representations and material omissions regarding, among other things…";

"such matters and things"; "and others known and unknown"); ¶ 41 ("including but not limited

to…"); ¶ 43 ("including but not limited to…").

**B.**    **The Request for a Bill of Particulars**

8.    The request for a bill of particulars served on behalf of Mr. Devito seeks to

compel the government to specify what additional allegations are contained in these open-ended

phrases. *See, e.g.,* Exh. A. at ¶¶ 1,2,3,4,6,7,8,11,12,13,14,15,b,c,e,i.j,16,17,18,19,20,21, 22,23,24, 25,26,31,32,35,36,37,38,39,c,d,g,40,41,43.  The request also asks the government to particularize the allegations against specific defendants who are lumped together in single paragraphs. *See* ¶¶ 3,4,5,6,7,8,9,10,11,12,13,14,18,19,20,26,31,33,34,37,38.

9.      Generally, in regard to the counts charging conspiracy to commit bank fraud, the defendants also seek identification of all co-conspirators, ¶¶2,6 all properties at issue, ¶¶ 1,2,3,5,6,8,9,11,12, the banks and loans in question, ¶¶ 3,6,8,11,12,14,15, the specific documents that the government alleges contain misrepresentations, ¶¶ 3,4,6,7,8,10,14,15 , and the items in those documents alleged to be false, ¶¶ 3,4,6,7,8,10,14,15.  In regard to the substantive bank fraud counts, defendant seeks basic identification of the borrowers, the specific documents at issue, the alleged false information in those documents, and the government's allegations as to intent including whether or not the defendant sought to repay the loan.  ¶¶ 16-26.

10.      In regard to the charge of obstruction of justice, the request for a bill of particulars, asks for basic identification of the specific misrepresentation Mr. Devito is alleged to have made, and the allegation of basis upon which such representation is false.  The remaining requests ask the government to specify the influence, obstruction or impediment to the administration of justice that the government alleges.  ¶ 28.

11.      With respect to the conspiracy and substantive mail fraud counts, the request for particulars seeks to identify all properties at issue, ¶ 35,38,39,40 the insurance companies and policies involved, ¶¶31-32, 38,39,40, the specific documents at issue and the specific misrepresentations claimed by the government in them, ¶¶ 31,33,34,38,39,40.

12.      Basic particulars as to the basis of forfeiture claims are also sought.  ¶¶ 41,43.

## ARGUMENT

13.     A bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure "is the one method open to a defendant in a criminal case to secure the details of a charge against him." 1 C. Wright, *Federal Practice and Procedure:  Criminal* § 129, at 432 (2d ed. 1982).  The purpose of a bill of particulars is to "identify with sufficient particularity the nature of the charge pending …, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) (reversing convictions for failure to provide particulars); see *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (same).  "The test in passing on a motion for a bill of particulars should be whether it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided."  *Wright, supra,* at 435; *accord United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).  Since "the defendant is presumed to be innocent he must be presumed to be ignorant of the facts on which the charges are based." 1 C. Wright, at 439.  Thus, the issue on a motion for a bill of particulars is not what the defendant knows or should know, but what the government intends to prove.  *United States v. Allegria*, 1991 WL 238223 at *12-13 (S.D.N.Y. 1991) (motion for new trial granted and conviction reversed based on government's failure to provide accurate particulars ordered by the court).

14.     The mortgage and insurance fraud allegations in this case require the government to furnish particulars.  First, the government cannot allow open-ended phrases like "among other things" to give it free reign to introduce additional allegations not specifically made in the indictment.  Inattention to this issue could cause this case to go down the road of *Bortnovsky*,

7

where the Second Circuit reversed insurance fraud convictions as a result of the government's

failure to provide a bill of particulars identifying the specific false statements underlying the

charge:

> [A]ppellants were hindered in preparing their defense by the
> district court's failure to compel the Government to reveal crucial
> information: the dates of the fake burglaries and the identity of the
> three fraudulent documents.  Appellants were forced to explain the
> events surrounding eight actual burglaries and to confront
> numerous documents unrelated to the charges pending.

*Bortnovsky*, 820 F.2d at 574-75.  This case is complex enough without phrases like "among other

things" being permitted to introduce additional unspecified allegations into the case.. The Second

Circuit's decision in *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), is

particularly germane here, because in that case, the trial convictions in a RICO prosecution were

overturned because the government failed to disclose which "schemes that the prosecution

intended to prove."  845 F.2d at 1153.  *See also United States v. Ganim*, 225 F. Supp.2d 145,

155-56  (D.Conn. 2002)(requiring bill of particulars disclosing what illegal benefits government

charged defendant received within meaning of phrase "among others" in indictment);*United

States v. Savin*, 2001 WL 243533  (S.D.N.Y.  2001)(requiring particularization of "others" to

whom payments made);  *United States v. Mayo*, 230 F. Supp. 85  (S.D.N.Y. 1964)(Weinfeld,

J.)(phrase "among others" did not invalidate indictment but called for amplification in bill of

particulars); *United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir. 1980)(commenting that

defendant would have been entitled to bill of particulars explaining events described in

indictment as "included, but were not limited to, the following").

     15.     It is not satisfactory for the government to simply claim that the answers to

particulars may be found in the 16 boxes of documents that have been provided and leave it up to

the defense to find those documents.  The Second Circuit rejected this very argument in

*Bortnovsky*:

> The Government did not fulfill its obligation merely by providing
> mountains of documents to defense counsel who were left
> unguided as to which documents would be proven falsified or
> which of some fifteen burglaries would be demonstrated to be
> staged.

*Id*. at 575.  The court held that the bill of particulars should have been granted as it was "vital to

appellants' understanding of the charges pending and to the preparation of a defense which

would have prevented the Government in its attempt to proceed furtively."  *Id*. at 575.  *See also*

*United States v. Upton*, 856 F.Supp. 727  (E.D.N.Y. 1994)(defendants entitled to bill of

particulars as to documents on which the government intended to rely at trial, where allegedly

falsified records buried in thousands of documents produced).  Massive, undifferentiated

discovery also threatens defendant's rights to exculpatory information under *Brady v. Maryland,*

373 U.S. 83, 87 (1963) and its progeny.  By way of illustration, in *United States v. Gil*, 297 F.3d

93, 105-06 (2d Cir. 2002), the Court held that exculpatory material had been effectively and

improperly withheld even though the document in question had actually been produced shortly

before trial.  As the Court explained, "[t]he two-page memo was not easily identifiable as a

document of significance, located as it was among reams of documents…."  *Id*. at 106.  Thus,

although the "memo was produced before trial, the defense was not in a position to read it,

identify its usefulness, and use it. … *Id.*

      16.     Nor can it be acceptable that oral representations by the government satisfy the

obligation to furnish a bill of particulars.  An illustration will suffice.  On March 28, I met with

AUSA Goldstein to express my concern about the lack of particulars in this case.  I raised the

example of the allegation in the (then operable) third superseding indictment concerning an alleged false appraisal on the 3801 Purchase Street property. I pointed out that there were three appraisals on that property and the consequent need for the government to specify which appraisal was allegedly false. AUSA Goldstein told me not to worry about it because the government would not be relying on false appraisals in the new indictment. Yet, in the fourth superseding and current indictment, the same false appraisal allegation is repeated. *See* Count One, para. 15 (h) and Count Eight. The point here is not to question the credibility of AUSA Goldstein with whom I have a cordial and professional relationship, but to illustrate the importance of establishing the specific allegations in the indictment through specific responses to our request for a bill of particulars.

17.    In this regard, it has long been recognized that "there is a special concern for particularization in . . . conspiracy cases," *United States v. Green*, 1993 WL 652793 (W.D.N.Y. 1993) (Curtin, J.) (citing *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). "[I]f the government intends to present evidence concerning the commission of specific acts in its effort to prove the charged conspiracy, it shall identify each of those acts by (1) giving a general description of the conduct involved, (2) the identity of any of the named defendants who actually participated in the conduct, (3) the identity of the victim and (4) the approximate date of such conduct." *United States v. Avellino*, 129 F. Supp. 2d 214, 221 (E.D.N.Y. 2001) (Hurley, J.). *See also Davidoff*, 845 F.2d at 1154-55 (conviction reversed where trial court denied bill of particulars concerning RICO predicate offenses not described in the indictment but nonetheless admitted such evidence at trial).

10

18.    Courts have also  long recognized the critical importance of a bill of particulars in fraud cases.  In *Bortnovsky*, the Second Circuit reversed convictions  where the government would not identify which of 12 insurance claims it would seek to prove as fraudulent.  820 F.2d at 574.   As directed by *Bortnovsky,* "courts have required that the Government specifically identify allegedly false statements forming the basis of fraud charges."  Here, the fraud and conspiracy counts make broad reference to alleged misrepresentations but fail to identify documents or passages in them that the government alleges are fraudulent.  Between that and the presence of open-ended phrases like "among others" the indictment is woefully inparticular and fails to satisfy basic notice and fairness functions.  *See, e.g., United States v. Siddiqi*, 2007 WL 549420 *3 (S.D.N.Y. 2007).  In *United States v. Nachamie*, 91 F.Supp.2d 565, 570-73 (S.D.N.Y. 2000), for example, the court required the government to particularize which Medicare claims it was claiming were fraudulent, with identifying information, including the dates when each form was prepared, the item on each form alleged to be false, as well as the manner in which each item was alleged to be false and the government's contention of what would have been the accurate statement.   *See also,United States v. Savin*, 2001 WL 243533 (S.D.N.Y. 2001)(requiring detailed particulars identifying amounts, dates, senders and recipients of financial transfers in fraud case); *United States v.* Szur, 1998 WL 132942 (S.D.N.Y. 1998)(requiring particularization of which "customer suitability statements" the government would rely upon at trial of securities fraud charges); *United States v. Allegria*, 1991 WL 33284 at *2-3 (S.D.N.Y. 1991) (where government intended to adduce proof in insurance fraud/transportation of stolen property case as to theft of property not mentioned in indictment, court ordered particulars as to such property).

11

19.     Even as to the specific properties that are alleged in the substantive bank fraud

counts, the defendant is entitled to basic information as to the documents the government alleges

were fraudulent and what passages in those documents are alleged to be fraudulent and what

makes them false or fraudulent.   Even though these counts relate to specific properties, they do

not specify the document and entry therein that the government claims is false or misleading.

*See, e.g., United States v. Savin*, 2001 WL 243533  (S.D.N.Y.  2001)(court required government

to spell out financial particulars underlying the claimed frauds, by identifying, inter alia, the

amounts, dates, senders and recipients of financial transfers);  *United States v. McGuinness*, 764

F. Supp. 888, 894 (S.D.N.Y. 1991) (defendant charged with multiple violations of Taft-Hartley

Act entitled to particulars listing the approximate date and amount of each payment allegedly

made to him and the name of the person making each payment);  *United States v. Pisana*, 1988

WL 142464 at *1 (S.D.N.Y. 1988) (defendant accused of receiving bribes from moving

company entitled to particularized information concerning each invoice upon which bribe was

based).

20.     The government likewise must identify unindicted co-conspirators, "borrower[s]"

and others in the indictment who are not named.  Courts in this circuit have routinely granted

defense requests for identification of unnamed co-conspirators.  *See United States v. Nachamie*,

91 F.Supp.2d 565 (S.D.N.Y. 2000)(ordering disclosure of unindicted coconspirators in white

collar fraud case with allegations of organized crime); *United States v. Lino*, 2001 WL 8356

(S.D.N.Y. 2001)(ordering identification of unindicted co-conspirators in case involving

allegations of securities fraud and organized crime, and noting that such relief common);*United

States v. Savin*, 2001 WL 243533  (S.D.N.Y. 2001)(requiring identification of co-conspirators in

complex fraud case) *United States v. Faille*, 1993 WL 547419 (E.D.N.Y. 1993)(noting that

unindicted co-conspirators routinely ordered in cases and directing same in organized crime

case);  *United States v. Strawberry*, 892 F. Supp. 519, 527 (S.D.N.Y. 1995); *United States v.

Mihaly*, 1993 WL 185334  (W.D.N.Y. 1993)(ordering disclosure of co-conspirators in bank

fraud case);  *United States v. Tsoi*, 1992 WL 147614, at *2 (S.D.N.Y. June 16, 1992) (stating that

defendant is entitled to know the names of his alleged co-conspirators to the extent they are

known by the government), aff'd, 996 F. 2d 302 (2d Cir. 1993); *United States v. Alloco*, 801 F.

Supp. 1000, 1003 (E.D.N.Y. 1992)(requiring naming of "others" in arson fraud conspiracy case);

 *United States v. McGuiness*, 764 F. Supp. 888, 894 (S.D.N.Y. 1991) (ordering the government

to identify the co-conspirators within a week of its opinion); *United States v. Feola*, 651 F. Supp.

1068, 1134 (S.D.N.Y.) (granting the request for particulars identifying unidentified co-

conspirators), *aff'd*, 875 F.2d 857 (2d Cir. 1989).

        21.        Similarly, courts commonly order bills of particulars on obstruction of justice

counts to require specification as to particular statements alleged to be false and also how they

resulted in the obstruction of justice.  Here, the government must set forth the particular entry

that the government claims was false and set forth how and what governmental functions were

obstructed thereby.  As it stands, the answers to such basic questions cannot be determined.  *See,

e.g.,   United States v. Perkins,* 748 F.2d 1519, 1526 (11th Cir.1984) (statement of the grand

jury's purpose would assist the defense in a prosecution under § 1503); *United States v. Barfield,*

999 F.2d 1520, 1523 (11th Cir.1993) (government must show an obstruction of justice based on

false testimony to sustain a conviction under § 1503).  *United States v. Peterson*, 2008 WL

553191  (M.D.Ga. 2008)(government must identify how justice obstructed in addition to

identifying specific false statements); *United States v. Upton*, 856 F.Supp. 727 (E.D.N.Y.

1994)(defendants entitled to bill of particulars as to documents on which the government

intended to rely at trial, where allegedly falsified records buried in thousands of documents

produced; noting further government's agreement to identify specific testimony said to have

obstructed justice); *Cf. United States v. Tonnelli,* 577 F.2d 194, 200 (3d Cir.1978) (perjury

indictment dismissed because it did not set forth the precise falsehoods alleged and the factual

bases of their falsity).

      21.     Likewise, it has long been settled that the government must particularize the

property that it claims to be subject to forfeiture. Defendant has asked for such particularization

and is entitled to it. *See* Exh. A. at ¶¶ 41, 43. *See, e.g., United States v. Moffitt, Zweling &*

*Kemler, P.C.*, 83 F.3d 660, 665 (4th Cir. 1996)("A bill of particulars is an appropriate way to

pinpoint certain assets subject to forfeiture."); *United States v. Raimondo*, 721 F.2d 476, 477-78

(4th Cir. 1984)(approving of bill of particulars "describing in detail the property subject to

forfeiture"); *United States v. Grammatikos*, 633 F.2d 1013, 1024 (2d Cir. 1980)(approving

disclosure: "the bill of particulars identified each item of property deemed susceptible to seizure

and enabled appellant to marshall evidence in defense of the"); *United States v. Best*, 657 F.

Supp. 1179, 1182 (N.D. Ill. 1987)(government ordered "to provide a bill of particulars apprising

the defendants as to the time periods during which defendants obtained the specified classes of

property through their alleged racketeering activity and the interest in each of these properties

which was allegedly unlawfully obtained"); *United States v. Rogers*, 617 F. Supp. 1024 1030

(D.Colo. 1985)("The indictment is insufficiently clear in that it does not detail any connection

between many of the entities to be forfeited and the activities of the enterprise. The government

must disclose additional information regarding the nexus between the listed entities and the enterprise so that the defense may direct its investigation and trial preparation with sufficient direction.").

## **CONCLUSION**

As the foregoing discussion establishes, defendant's request for a bill of particulars seeks vital information that is central to preparation of a defense and understanding the charges against Mr. Devito.   Under long standing authority and common fairness, open ended phrases that signal but do not articulate further allegations in the case must be explicated in a bill of particulars, as must the basic and fundamental identification of the specific document and passage therein  alleged to contain the false and misleading information upon which the charges in a case like this center.  It is no answer to point to boxes of documents and ask defendants to guess the particulars on the crimes of which they have been accused.  To serve the purposes of a bill of particulars, and fundamental principles of notice and fairness, the government should be required to provide responses to these and the other requests made upon them.

WHEREFORE, your affirmant respectfully requests that defendant's motion to compel the government to provide responses to Mr. Devito's request for a bill of particulars and for such other and further relief as this Court may deem just and proper be granted in all respects.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:        New York, New York
              May 27, 2008
                                                    _____
                                                    GEORGE L. SANTANGELO

OF COUNSEL:
Robert Culp, Esq.

15

EXHIBIT A

17

GEORGE L. SANTANGELO
ATTORNEY &  COUNSELOR LAW
111 BROADWAY
SUITE 1706
NEW YORK, NEW YORK 10006

_____

PHONE (212)269-4488
FAX (212) 363-6978


15 May 2008


Katherine Goldstein, Esq.
1 St. Andrews Plaza
New York, NY  10001

   Re: **United States v. Dominick DeVito**
     **Cr. No. S4CR 1089 (BSJ)**

Dear Ms. Goldstein:

  This letter is to confirm my request for discovery in this matter.  I request an opportunity to inspect or review or receive copies of, all information included in the following:

  A. Under Rule 16(a)(1)(A), all oral, written, or recorded statements or testimony made by the defendant to any law enforcement officer, informant, or other government agent or employee, including the portion of any person's written record or report which includes the substance of such statements repeated, reported or incorporated into the document.

  B. Under Rule 16(a)(1)(B), the defendant's prior criminal record, including any arrests or convictions. Please include transcripts of any plea of guilty made by Dominick Devito.

  C. Under Rule 16(a)(1)(C), a copy of, or notice of and an opportunity to inspect, all books, papers, documents, photographs, tangible objects or identification of buildings or places, which are material to the preparation of a defense, or intended for use in any way by the government at trial (including direct introduction or indirect reference), or which were obtained from or belong to the defendant. These documents should include any document which contains the identity of

Persons who attended the closings of the loans identified in the indictment
The underwriter for each loan
The appraiser used for each loan
The originator for each loan
Third parties to whom the loans were transferred or warehoused;

And, they should also include any document which contains information regarding

The fees paid to banks with respect to the loans

The due diligence performed by or on behalf of the banks with respect to each loan

Title opinions relied on by the banks in each of the loans

Verification performed by or on behalf of the banks with respect to the existence and extent of the borrowers' bank accounts and deposits

Verification performed by or on behalf of the banks with respect to the income, assets, employment and source of down payment of the borrower with respect to each loan

Tax assessments of each property;

In addition, the following specific documents should be included

Written appraisals

Loan applications

HUD statements

IRS form 4506

SAR reports filed by any person or entity with respect to any loan in this case;

Any document relied on by any bank in giving each loan;

And, further with regard to Count 2  (Mail/Insurance fraud)

Provide any document or statement made, or act performed  by Dominick DeVito after November 1, 2004 which was made in furtherance of the conspiracy charged.

Please also refer to my letter of November 26, 2007 for additional requests regarding this count as if they were made herein.

D.      Under Rule 16(a)(1)(D), the results of any physical or mental examinations, scientific experiments or tests, which are either intended for use by the government at trial (through either direct introduction indirect reference) or which are material to the preparation of a defense (this later category includes examinations or test s which were incomplete, inconclusive or not intended to be used by the government at trial).

E.      Under Rule 16(a)(1)(E), written summaries of testimony which the government intends to use under FRE Rules 702, 703 or 705, including each such witness' opinions, the basis and reasons for each such opinion, and each such witness' qualifications.

F.      All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, without regard to materiality, within the scope of Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667 (1985) and Kyles v. Whitley, 514 U.S. 419 (1995), including

1.      Any material or information which would tend to attenuate, exculpate, exonerate, mitigate or reduce or limit the defendant's involvement in or liability for any of the circumstances alleged in the indictment.

2.      Any material or information which affects the credibility of any government witness or which would be of assistance in the cross-examination of any government witness, including (a) prior criminal records (including juvenile court matters or arrests which did not result in conviction), (b) any records and information revealing prior misconduct or bad acts, (c) inconsistent statements, (d) self-incriminating statements, (e) inconclusive or deceptive

performance on any portion of a polygraph examination, (f) any threats, investigations, or possible prosecutions pending or which could be brought against the witness, (g) any supervision status, (h) any pending or potential legal disputes with any local, state or federal government or agency, (i) information converning any possible motive of the witness in offering statements or testimony, (j) information concerning any agreements, deals, promises or inducements offered, discussed or made with a witness by any local, state or federal government employee, without regard to whether or not such employee was authorized to offer such to the witness, (k) sufficient identification of each occasion on which the witness has previously testified so that defense counsel may investigate such matters and obtain transcripts if necessary, (l) personnel and Government files concerning the witness, and (m) whether the witness has ever had his or her credibility or reliability questioned or doubted by any court, prosecutor, or law enforcement agent.

3.     Any material or information concerning other potential witnesses whose testimony might tend to weaken any portion of the government's case, or contradict any government witness, or strengthen the case;

4.     Any material or information which might raise questions concerning (a) the probative value of any physical evidence which the government intends to use at trial, (b) the good faith or thoroughness of the investigation conducted by any law enforcement personnel which contributed to this indictment, or law enforcement reliance on unreliable informants or information; and

5.     Any statements, testimony or physical evidence concerning criminal conduct relevant to the allegations contained in the indictment but which does not include reference to the defendant. For example, this would include prior statements of a government witness in which the witness was listing persons known by him to have committed relevant criminal acts, where such statement did not include a reference to the defendant. As another example, this would include the recovery of photographs or latent fingerprints from a crime scene, where such photographs did not show the defendant or the fingerprints did not include prints of the defendants.

G.     The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972), including any documents which reflect, or information concerning, any agreement with the witness, any conduct requirements or performance expectation of the witness, any payment promised to or made to the witness, any requests by the witness for payment, or any items submitted by the witness for payment, and the dates, times and amounts of any payments or promises given.

H.     Any record of prior convictions of any alleged informant who will testify for the government at trial. Such information is of course impeachment for any government witness, and thus your production in response to this section should not be confined to persons whose testimony arose from confidential or undercover activities, but would include the prior record of any government witness.

I.      If a line-up, show-up, photo spread or similar procedure was used in attempting to identify the defendant, the exact procedure and participants shall be described and the results, together with any pictures and photographs.  Identification requests which did not result in the identification of the defendant are of course *Brady* and possible impeachment and thus would be included in your response.

J.      If any vehicle, vessel or aircraft was allegedly utilized in the commission of any offenses charged, an opportunity for myself and/or any expert selected by the defendant to inspect it, if it is in the custody of any governmental authority.  Identification of any vehicle described as being involved in the commission of the offense and as being owned by or in the control of the defendant should also be disclosed under this provision.  Identification of any vehicle described as being involved in the commission of  the offense and as not being owned by or in the control of the defendant should also be disclosed as *Brady* and possible impeachment and thus would be included in your response.

K.      Copies of any latent finger prints, or prints of any type, and any reports concerning those prints.  Of course, any latent fingerprints identified as not being those of the defendant should also be provided as *Brady* and possible impeachment.

L.      Any intention by the government to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Procedure, including a description of such proposed evidence to a degree which fairly apprises the defendant of its general nature and which is sufficiently clear so as to permit pretrial resolution of the issue of its admissibility.  United States v. Barnes, 49 F.3d 1144, 1148 – 1149 (6th Cir. 1995); United States v. Lampley, 68 F.3d 1296 (11th Cir. 1995).

M.      Information concerning whether or not the defendant was an "aggrieved person" as defined in 18 U.S.C. 2510(11).

N.      Notice, pursuant to F.R.Cr.P. 12(d), complete notice of all evidence which the government intends to use at trial of this matter which was obtained as a result of a search, seizure, electronic or video interception, or statement of the defendant, so that we may timely determine whether such evidence is subject to a motion to suppress.

O.      I further request that you arrange for the transcription of, the grand jury testimony of all witness3es who will testify in the government's case in brief, if subject to Fed.R.Crim.P. 26.2 and 18 U.S.C. 3500.  Of course, statements discoverable under *Brady* and *Jencks* include all relevant prior statements of a witness, including trial or pretrial testimony and reports which include verbatim descriptions of the witness or which have been adopted by the witness.

P.      I further request early production of "Jencks Act Statements," in order to avoid delay or necessity for a continuance during trial.  Please inform me as to when this material will be available.

Q.      I further request that you advise all government agents and officers involved in the case to preserve all rough notes.  Those notes should thus be provided to us, through copies or

an opportunity for inspection, if they contain any of the information or material mentioned above of *Jencks* material discoverable prior to trial.  The above requests as to <u>Brady</u> and <u>Giglio</u> material are requested immediately

As you know, the identification and production of all discoverable evidence or information is the personal responsibility of the Assistant United States attorney assigned to the case and may not be delegated without express permission of the court.  It is thus required that you personally review your own files on this case and all related files of all law enforcement agencies known to have some connection to or involvement in this case, to identify and produce the required disclosures of evidence and information.

Finally, I ask that you continue to supplement any response to these requests, as required by F.R.Cr.P. 16(c).

<u>Request for Particulars</u>

Below is defendant DeVito's demand for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.  As is well established, the purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to adequately prepare his defense, to avoid surprise at trial and to protect him against a second prosecution for a charge that is not adequately described.  Please note that the degree and quantity of particularization is required, in large part, due to the abundant use -- at least 25 instances -- of terms like "among other things" or equivalent phrases like "such as" that imply additional allegations that are not specified.  Such terms literally beg the question what the "other things" are and therefore require specification in a bill of particulars

As to the following paragraphs of the indictment please furnish the particulars requested:

<u>Paragraph 1</u>

Identify any other objectives alleged by the government in addition to the "primary objective."

Identify "other things" not specified.

Identify all "properties for sale" and all instances of "purchase of the properties" and "construction work at the properties."

<u>Paragraph 2</u>

Identify all "properties that were the subject of the scheme."

Identify all "other co-conspirators" and "their purchase of the properties."

<u>Paragraph 3</u>

Identify separately the conduct of the each defendant that is alleged.

Identify all "multi-million dollar residential properties."

Identify all "mortgage and home equity loans."

Identify all instances of "the submission of false and misleading information to banks and other lenders."

Identify all loans "equal to or in excess of one hundred percent of a property's actual sale price, so that the defendants and their co-conspirators did not have to put any of their own money at risk in the transaction."

Identify all "co-conspirators."

Identify all other "properties in the scheme" beyond those listed as "included."

Paragraph 4

Identify separately the conduct of the each defendant that is alleged.

Identify all "federally-insured banks."

Identify all "documents, including loan applications, contracts of sale, deeds, real estate transfer documents, and title reports, among others" that were "submitted" to the "federally-insured banks."

Identify all items of "materially false or misleading information about the credit-worthiness of the borrower, the chain of title to the property, and the sale price of the home" and identify how and/or why each such item was false or misleading.

Identify all "other things" and identify why each such item was false or misleading.

Paragraph 5

Identify separately the conduct of the each defendant that is alleged.

Identify all "properties for sale."

Paragraph 6

Identify separately the conduct of the each defendant that is alleged.

Identify all "mortgage and home equity loans."

Identify all "other co-conspirators" in whose name loans were taken and identify by loan.

Identify all "properties" referenced.

Identify all acts of "falsely representing to various banks the property's sale price and, by extension, its actual market value."   Define the term "by extension" in this phrase.

Identify the "various banks" to which "certain documents, such as loan applications and contracts of sale" were "submitted and caused to be submitted," and the manner in which they were "submitted and caused to be submitted."

Identify all "documents, such as loan applications and contracts of sale" that were "submitted and caused to be submitted" to the "various banks."

Identify the specific portion and manner in which each of such "documents, such as loan applications and contracts of sale" "fraudulently reflected an artificially high sale price for a particular property."  Identify the property.

Identify the actual and "artificially high" sales prices for each such property.

Identify all banks "induced … to lend more money … that the bank would otherwise have loaned" and the "banks' internal loan-to-value lending guidelines."

Identify separately all "cases" in which "defendants obtained loans for amounts close to or, in excess of, one hundred percent of a property's actual market value."  Identify all such cases whether or not among those properties listed as "includ[ed]."

Paragraph 7

Identify separately the conduct of each defendant that is alleged.

Identify all instances in which defendants "falsely represented the sale price of a property to the banks in various ways."   As to each such instance identify the defendant(s), the property(ies), the bank(s) and the way(s)

Identify all "cases" in which "defendants orchestrated the 'sale' or 'flip' of the property from the seller to a first buyer, and then, in turn to a second buyer, within a matter of weeks."  Identify the date of the transaction, each defendant, seller, first buyer, second buyer and property whether or not among those listed as "include[ed]."

Identify, the "paper," "the fraudulently inflated sale price," and how much and by what standard the price was "fraudulently inflated."

Identify the "documents submitted to the banks in these cases," and where and how in such documents was "falsely represented" the "chain of title to the property."

Identify all "other things" that were "falsely represented" in these documents.

Paragraph 8

Identify separately the conduct of each defendant that is alleged.

Identify the "mortgage and home equity loans" and the "properties."

Identify the "personal and financial information about the borrower" that each defendant "falsif[ied]" and how such information was "material to the banks in their lending decisions."

Identify the "various banks."

Identify all "documents" to which reference is made whether or not "loan application form[s]."

Identify all "false and misleading information" in those documents "concerning the borrower's income, assets, and existing debt, as well as the borrower's intent to reside in the property as a primary residence, when, in fact, the properties were typically purchased for investment purposes."

Identify which properties were purchases for "investment purposes," and which properties were purchased as a "primary residence" or for other purposes.

Paragraph 9

Identify separately the conduct of each defendant that is alleged.

Identify the properties.

Identify the "mortgage and home equity loans" and the "various banks" in question.

Identify each instance where a defendant "falsely represent[ed] to various banks that the borrower had equity in the property when, in fact, the borrower purchased the property with one hundred percent financing and none of his own money."

Paragraph 10

Identify separately the conduct of each defendant that is alleged.

Identify the "documents intended to 'paper over' the fraudulent nature of the transaction" as to each property.

Identify "the fraudulent nature of the transactions" and "the fraudulently inflated sale price of the property" as to each property.

Identify where in the documents they "purported to forgive monies or explain monies owed by the borrower to the seller, as a means of justifying the fraudulently inflated sale price of the property" as to each property.

Paragraph 11

Identify separately the conduct of each defendant that is alleged.

Identify the "certain properties" as to which defendants "cashed out."

Identify the "additional private loans" against the properties, the proceeds of such loans, the amounts repaid, and the bank account in which the proceeds were deposited.

Identify the "others" who benefited from the account.

Paragraph 12

Identify separately the conduct of each defendant that is alleged.

Identify the amount of the "millions of dollars in loan proceeds."

Identify the "certain properties" that defendants controlled that "they otherwise would not have been able to purchase and finance."

Identify the "fees and commissions on the sale or re-finance of the properties" earned by each defendant.

Identify the banks and the amount of "millions of dollars" lost by those banks.

Identify the "defendants and their co-conspirators" the "mortgage payments" on which they "defaulted" and "the properties" that were "caused" "to go into foreclosure."

Paragraph 13

Identify separately the conduct of each defendant that is alleged.

Identify the events transpiring in January, 2002 and November, 2004 that define the beginning and ending of the alleged conspiracy.

Identify the alleged conspiratorial agreement by date, location and identification of all participants and the substance of the agreement.

Identify all "others known" to have joined the conspiracy and "others … unknown" by all available identifying information even if short of identification by name.  Identify the conduct alleged as to each defendant and others known and unknown.

Paragraph 14

Identify separately the conduct of each defendant that is alleged.

Identify all referenced "financial institutions" not listed in the paragraph following the phrase, "including but not limited to…"

Identify the "scheme and artifice to defraud."

Identify all "moneys, funds, credits, assets, securities, and other property."

Identify all "false and fraudulent pretenses, representations, and promises" including by reference to speaker, exact quote if available or substance, time, and location.

<u>Paragraph 15</u>

a.    Identify the offer document or substance of statement if oral.

b.    Identify the "false and misleading statement by reference to the document or substance of statement if oral.

Identify "other things."

c.    Identify all "documents" and all "false and misleading information" within them.

Identify "other things."

Identify the "borrower."

e.    Identify all "documents" and all "false and misleading information" within them.

Identify "other things."

f.    Identify the bank account.

h.    Identify the appraisal by date and maker.

Identify the non-inflated value of the property.

i.    Identify all "documents" and all "false and misleading information" within them.

Identify "other things."

j.    Identify all "documents" and all "false and misleading information" within them.

Identify "other things."

k.    Identify all "false statements."

Paragraph 16

Identify the borrower(s).

Identify the "false information about … the amount of the borrower's down payment on the property and the borrower's intent to reside in the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

Paragraph 17

Identify the borrower(s).

Identify the "false information about … the borrower's equity in the property and the borrower's intent to reside in the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

Paragraph 18

Identify separately the conduct of each defendant that is alleged.

Identify the borrower(s).

Identify the "false information about … the amount of the sale price of the property, the borrower's down payment on the property, the chain of title to the property and the borrower's intent to reside in the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant(s) did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

<u>Paragraph 19</u>

Identify separately the conduct of each defendant that is alleged.

Identify the borrower(s).

Identify the "false information about … the amount of the sale price of the property, the borrower's down payment on the property, and the borrower's intent to reside in the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant(s) did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

<u>Paragraph 20</u>

Identify separately the conduct of each defendant that is alleged.

Identify the borrower(s).

Identify the "false information about … the amount of the sale price of the property and the borrower's intent to reside in the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant(s) did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

<u>Paragraph 22</u>

Identify the borrower(s).

Identify the "false information about … the value of the property, and the borrower's income and intent to reside in the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

<u>Paragraph 23</u>

Identify the borrower(s).

Identify the "false information about … the amount of the sale price of the property, the borrower's down payment on the property and the chain of title to the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

<u>Paragraph 24</u>

Identify the borrower(s).

Identify the "false information about … the amount of the sale price of the property, the borrower's down payment on the property and the chain of title to the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

Paragraph 25

Identify the borrower(s).

Identify the "false information about … the amount of the sale price of the property, the borrower's down payment on the property, the chain of title to the property and the borrower's income" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

Paragraph 26

Identify separately the conduct of each defendant that is alleged.

Identify the borrower(s).

Identify the "false information about … the amount of the sale price of the property, the borrower's down payment on the property, and the borrower's income and intent to reside in the property" and what the government alleges was the truth as to such allegations.

Identify all other "false information" alleged, as implied in the phrase, "among other things" and what the government alleges was the truth as to such allegations.

Identify all documents, and the locations in them, where any such "false information" as described in the above two particulars is alleged to be located.

Identify whether the government alleges that the defendant(s) did not intend to repay the loan, and, whether the loan has been paid, is in payment, or is in default.

Paragraph 27

Identify the "false and misleading information … regarding the value of DEVITO's assets and

his personal net worth following DEVITO's sale of property located at 3747 Purchase Street, Purchase, New York." Identify by what allegations the government contends such information was false.

Identify the affidavit in question by date and other identifying information, and specify to whom the affidavit was submitted.

Identify the "due administration of justice" and how the defendant did or endeavor to "corruptly influence, obstruct, and impede" same.

Identify all individuals whose responsibilities for carrying out the "due administration of justice" were "corruptly influence[d], obstruct[ed], and impede[d]" and how they were influenced, instructed or impeded.

Paragraph 29

Identify "other people" to the extent relevant to this indictment.

Paragraph 30

Identify "other things" in addition to "water damage" to the extent relevant to this indictment.

Identify "other things" defendant Cordasco was "responsible for."

Paragraph 31

Identify separately the conduct of each defendant that is alleged.

Identify all "insurance companies."

Identify all "insurance claims and supporting documents" by date, submitter and recipient.

Identify the "scheme to defraud."

Identify all "false and misleading information" including by reference to speaker, exact quote if available or substance, time, and location.

Identify "other things."

Identify all "co-conspirators."

Paragraph 32

Identify "various insurance policies" by date, carrier, type of policy, homeowner, purchaser and property.

Identify "other properties."

Identify the policy sold by Liscio to Devito by date, carrier, and type of policy.

<u>Paragraph 33</u>

Identify separately the conduct of each defendant that is alleged.

Identify the "insurance claims" that were "submitted and caused to be submitted."

Identify the "false and misleading statements" within such claims.

<u>Paragraph 34</u>

Identify separately the conduct of each defendant that is alleged.

Identify all participants in the "plan."

Identify all "false and misleading statements."

State whether any such claims were filed.

<u>Paragraph 35</u>

Identify "various homes" beyond the two that are specified.

Identify all "emergency clean-up work" performed by date, location and individuals involved.

<u>Paragraph 36</u>

Identify all "checks representing insurance proceeds" by date, payor, payee and bank.

Identify the "bank account used for the benefit of Devito."

Identify "others."

<u>Paragraph 37</u>

Identify separately the conduct of each defendant that is alleged.

Identify the events transpiring in January, 2003 and February, 2005 that define the beginning and ending of the alleged conspiracy.

Identify the alleged conspiratorial agreement by date, location and identification of all participants and the substance of the agreement.

Identify all "others known" to have joined the conspiracy and "others … unknown" by all available identifying information even if short of identification by name.

Paragraph 38

Identify all "others known" to have joined the conspiracy and "others … unknown" by all available identifying information even if short of identification by name.

Identify separately the conduct of each defendant and "other" that is alleged.

Identify the "scheme and artifice to defraud," the "money and property" sought to be obtained, and all "false and fraudulent pretenses, representations and promises."

Identify all "matters and things to be sent and delivered by the Postal Service" by date, sender, recipient and contents.

Identify the "matter and thing to be sent and delivered by a private and commercial interstate carrier" by date, sender, recipient, carrier and contents.

Identify "such matters and things" that defendants and others "would and did take and receive therefrom" by date, sender, recipient, carrier and contents.

Identify "such matters and things" which defendants and others "did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed" by date, sender, recipient, carrier and contents.

Paragraph 39

a.      Identify the "insurance company" and the manner and substance of the "report."  Identify whether and when the pipe was broken and who the government alleges caused the pipe to break and how.

b.      Identify what the government alleges that made the lease a "sham," and how it was used for "obtaining proceeds."

c.       Identify the "insurance company," the preparer of the appraisal and what the government alleges that made the appraisal "fraudulently inflated."  What does the government allege is the actual value of the property?

d.      Identify the "insurance company," the "false and misleading information" and what the government alleges that made the information "false and misleading."

e.      Identify the insurance company and the checks by amount, payor, payee and bank.

f.    Identify and quote the "false and misleading sworn testimony," and what the government alleges that made the testimony "false and misleading."

g.    Identify the "owner."

h.    Identify the "owner."

i.    Identify the "person."

Paragraph 40

Identify the "scheme and artifice to defraud."

Identify the "money and property" sought to be obtained by dollar amount, insurance carrier and date and form of payments.

Identify all "false and fraudulent pretenses, representations and promises." Identify all documents and the portions containing all "false representations and material omissions regarding, among other things, the value of certain items of personal property." Identify "other things" and all items of personal property.

Identify all "insurance compan[ies]."

Identify all "mail matter, matters and things to be sent and delivered by the Postal Service" by date, sender, recipient and contents.

Identify "such matters and things" that defendants "would and did take and receive therefrom" by date, sender, recipient, carrier and contents.

Identify "such matters and things" which defendants and others "did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed" by  date, sender, recipient, carrier and contents.

Identify all "others known" and "others … unknown" by all available identifying information even if short of identification by name.

Identify the checks mailed on April 17, 2004 and April 24, 2004 by payor, payee, date, bank and amount.

Paragraph 41

Identify specifically the individual amounts alleged to be subject to forfeiture and the allegation as to each such that the government contends they are subject to forfeiture.

Paragraph 43

Identify specifically the individual amounts alleged to be subject to forfeiture and the allegation as to each such that the government contends they are subject to forfeiture.

Very truly yours,

George L. Santangelo, Esq.