UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    - against -

DOMINICK DEVITO et al.

                Defendants.

S4 06 Cr. 1089 (BSJ)

## <u>NOTICE OF DEFENDANT DOMINICK DEVITO'S MOTION<br>FOR SEVERANCE OF COUNTS AND/OR PARTIES</u>

      PLEASE TAKE NOTICE, that upon the annexed affirmation of George L. Santangelo, Esq., duly affirmed the 20th day of June, 2008, the Memorandum of Law and all prior proceedings had herein, the defendant Dominick Devito will move this Court at the Courthouse located at 500 Pearl Street, New York, New York, at a date and time to be designated by the Court for an order pursuant to Fed. R. Crim. Pro. 8 and/or Fed. R. Crim. Pro. 14: (A) severing his trial from that of defendants Liscio, Cardasco and Didonato; (B) severing trial of Count 13 from trial of any other counts; and (C) for such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        June 20, 2008

                                        Yours, etc.

                                        _____
                                        LAW OFFICES
                                        GEORGE L. SANTANGELO
                                        111 Broadway, Suite 1706
                                        New York, New York  10006
                                        (212) 269-4488
                                        *Attorney for Defendant Dominick Devito*

TO:

Honorable Barbara S. Jones
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY  10007

AUSA Kathleen Goldstein
Assistant U.S. Attorney
Office of the U.S. Attorney, Southern District of New York
One St. Andrews Place
New York, NY  10007

Law Offices of Lawrence S. Goldman
500 Fifth Avenue, 29th Floor
New York, NY  10110

Angelo G. MacDonald, Esq.
Pappalardo & Pappalardo, LLP
700 White Plains Road, Suite 355
Scarsdale, NY  10583

Lawrence DiGiansante, Esq.
984 Morris Park Avenue
Bronx, NY  10462

Edward McDonald, Esq.
Dechert LLP
1095 Avenue of Americas
New York, NY  10112

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    - against -

DOMINICK DEVITO et al.

                   Defendants.

S4 06 Cr. 1089 (BSJ)

**AFFIRMATION OF GEORGE L. SANTANGELO, ESQ.
IN SUPPORT OF DEFENDANT DOMINICK DEVITO'S MOTION
FOR SEVERANCE OF COUNTS AND/OR PARTIES**

GEORGE L. SANTANGELO  declares under penalty of perjury:

**INTRODUCTION**

1.      I am a member of the bar of this Court, and I am counsel to defendant Dominick

Devito in the above-captioned case.  I submit this affirmation in support of Mr. Devito's motion

to pursuant to Fed. R. Crim. Pro. 8 and/or Fed. R. Crim. Pro. 14:   (A) severing his trial from that

of defendants Liscio, Cardasco and Didonato; (B) severing trial of Count 13 from trial of any

other counts; and (C) for such other and further relief as this Court may deem just and proper.

The purpose of this affirmation is to (1) briefly summarize the motion; (2) provide a brief

overview of the transcripts of recorded conversations furnished by the government for the

Court's background.

## THE MOTION TO SEVER

2.      As will be set forth in greater detail in the memorandum of law, Mr. Devito

moves for severance of Count 13 because that count is misjoined and would occasion severe

prejudice against Mr. Devito on the other counts.  Count Thirteen charges Mr. Devito with

obstruction of justice in violation of 18 U.S.C. § 1503 through submission to the Department of

Probation in connection with a prior conviction for bank fraud of an allegedly false affidavit of

net worth.  Trial of Count 13 with the other counts would unnecessarily place before the jury

evidence of Mr. Devito's prior conviction for bank fraud, and would severely prejudice him in

his trial on the other counts, including multiple counts of bank fraud.

3.      Mr. Devito moves to sever his trial from that of his codefendants because tapes

that the government has furnished in discovery, while potentially admissible against other

defendants who make numerous statements on them, contain clearly inadmissible hearsay that is

severely prejudicial against Mr. Devito.   These tapes were made by informants and contain

statements of the three other defendants but not from Mr. Devito.  As alleged in Count 14 of the

indictment, a primary topic of discussion on the tapes is an idea suggested by Debello to

intentionally damage a home that he owned and to fraudulently procure insurance proceeds as a

consequence.   The tapes do not reflect any participation or knowledge whatsoever by Mr.

Devito who was, in any event, in prison at the time.  In fact, the participants make clear that they

do not want Mr. Devito to even find out about their idea.   Regardless, the tapes also contain

numerous references to prior damage to the Brae Burn property (also owned by Debella) that is

also alleged to be part of the Count 14 conspiracy as well as the Count 15 substantive charge of

insurance fraud.  Numerous hearsay statements on the tapes state that Devito orchestrated the

2

damage, filed fraudulent claims and profited.   A great deal of anger at Devito is expressed by

Debello, the owner of Brae Burn and landlord to Devito, Liscio, the insurance agent and others.

These and highly prejudicial statements about Devito are all over the tapes, including also about

unrelated matters and insinuations of organized crime relations.

4.      The severance is required because the other three defendants are on the tapes

making numerous statements that are presumably admissible against them but are rank and

prejudicial hearsay as to Mr. Devito.   Numerous statements require severance under *Bruton v.*

*United States,* 391 U.S. 123 (1968) because, even if admissions of codefendants, they are

hearsay as to Devito yet implicate him in charged past criminal activity concerning the Brae

Burn property.   The statements are not admissible as statements in furtherance of the

prospective conspiracy to damage Debello's second house because (1) Devito is clearly not part

of the conspiracy because he is in prison and the others do not want him to know or find out; (2)

numerous statements by Debello and Lamanna cannot qualify because they are government

agents; (3) the historical statements about past activities at Brae Burn do not further any ongoing

conspiracy.  The tapes are also inadmissible under *Crawford v. Washington,* 541 U.S. 36 (2004)

because they are made by and at the behest of government informants who go to lengths to make

statements of their own and to influence the making of statements by others.  Finally, severance

is also required simply by the severe prejudice to Mr. Devito from statements on the tapes.

Whether about Brae Burn or unrelated topics, the statements about Mr. Devito are beyond the

pale in terms of prejudice, as Mr. Devito is described variously and repeatedly as the "devil" or

"scumbag" and worse and it is insinuated that he commits crimes regularly and may have

organized crime connections.   Mr. Devito cannot receive a fair trial with such evidence before the jury.

**<u>FACTUAL INFORMATION</u>**

5.     The other purpose in submitting this affirmation is to provide some brief factual information about the tapes for the Court's review of the motion.  The government has furnished a number of cd's of conversations recorded by the informants roughly in the period November, 2004 through February, 2005.   In many instances the government did not provide a draft transcript of the conversations, and in those cases characterizations and quotes in the memo of law to be filed in support of this motion will be taken from the tapes themselves.  In other instances, the government has provided draft transcripts.  Certain of these conversations,  for example, November 10, 2004, January 29, 2004, February 2, 2005, February 8, 2005, are transcribed.  Although in counsel's submission, the Court would benefit tremendously from reading these transcripts in their entirety, we are advised that the rules for electronic filing in the district preclude their filing with this affirmation because they are too long.   Accordingly, summary and references will be made in the memorandum of law to be filed.  We suggest and stand ready to provide hard copies or other suitable copies of the transcripts in full to aid the Court's consideration of the motion.

WHEREFORE, your affirmant respectfully requests that defendant's motion to sever and for such other and further relief as this Court may deem just and proper be granted in all respects.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

4

Dated:      New York, New York
             June 20, 2008

_____
GEORGE L. SANTANGELO