UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

   -   against -

DOMINICK DEVITO et al.

                                    Defendants.
_____

S4 06 Cr. 1089 (BSJ)

## NOTICE OF DEFENDANT DOMINICK DEVITO'S MOTION
## FOR SEVERANCE OF COUNTS AND/OR PARTIES

PLEASE TAKE NOTICE, that upon the annexed affirmation of George L. Santangelo, Esq., duly affirmed the 20th day of June, 2008, the Memorandum of Law and all prior proceedings had herein, the defendant Dominick Devito will move this Court at the Courthouse located at 500 Pearl Street, New York, New York, at a date and time to be designated by the Court for an order pursuant to Fed. R. Crim. Pro. 8 and/or Fed. R. Crim. Pro. 14: (A) severing his trial from that of defendants Liscio, Cardasco and Didonato; (B) severing trial of Count 13 from trial of any other counts; and (C) for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 20, 2008

                                          Yours, etc.

                                          _____

                                          LAW OFFICES OF
                                          GEORGE L. SANTANGELO
                                          111 Broadway, Suite 1706
                                          New York, New York 10006
                                          (212) 269-4488
                                          *Attorney for Defendant Dominick Devito*

TO:

Honorable Barbara S. Jones
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

AUSA Kathleen Goldstein
Assistant U.S. Attorney
Office of the U.S. Attorney, Southern District of New York
One St. Andrews Place
New York, NY 10007

Law Offices of Lawrence S. Goldman
500 Fifth Avenue, 29th Floor
New York, NY 10110

Angelo G. MacDonald, Esq.
Pappalardo & Pappalardo, LLP
700 White Plains Road, Suite 355
Scarsdale, NY 10583

Lawrence DiGiansante, Esq.
984 Morris Park Avenue
Bronx, NY 10462
Edward McDonald, Esq.

Dechert LLP
1095 Avenue of Americas
New York, NY 10112

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

   - against -

DOMINICK DEVITO et al.

                            Defendants.
_____

S4 06 Cr. 1089 (BSJ)

### AFFIRMATION OF GEORGE L. SANTANGELO, ESQ.
### IN SUPPORT OF DEFENDANT DOMINICK DEVITO'S MOTION
### FOR SEVERANCE OF COUNTS AND/OR PARTIES

GEORGE L. SANTANGELO declares under penalty of perjury:

### INTRODUCTION

1.    I am a member of the bar of this Court, and I am counsel to defendant Dominick Devito in the above-captioned case. I submit this affirmation in support of Mr. Devito's motion to pursuant to Fed. R. Crim. Pro. 8 and/or Fed. R. Crim. Pro. 14: (A) severing his trial from that of defendants Liscio, Cardasco and Didonato; (B) severing trial of Count 13 from trial of any other counts; and (C) for such other and further relief as this Court may deem just and proper.

The purpose of this affirmation is to (1) briefly summarize the motion; (2) provide a brief overview of the transcripts of recorded conversations furnished by the government for the Court's background.

### THE MOTION TO SEVER

2.    As will be set forth in greater detail in the memorandum of law, Mr. Devito moves for severance of Count 13 because that count is misjoined and would occasion severe prejudice against Mr. Devito on the other counts. Count Thirteen charges Mr. Devito with obstruction of justice in violation of 18 U.S.C. § 1503 through submission to the Department of

3

Probation in connection with a prior conviction for bank fraud of an allegedly false affidavit of net worth. Trial of Count 13 with the other counts would unnecessarily place before the jury evidence of Mr. Devito's prior conviction for bank fraud, and would severely prejudice him in his trial on the other counts, including multiple counts of bank fraud.

3.    Mr. Devito moves to sever his trial from that of his codefendants because tapes that the government has furnished in discovery, while potentially admissible against other defendants who make numerous statements on them, contain clearly inadmissible hearsay that is severely prejudicial against Mr. Devito. These tapes were made by informants and contain statements of the three other defendants but not from Mr. Devito. As alleged in Count 14 of the indictment, a primary topic of discussion on the tapes is an idea suggested by Debello to intentionally damage a home that he owned and to fraudulently procure insurance proceeds as a consequence. The tapes do not reflect any participation or knowledge whatsoever by Mr. Devito who was, in any event, in prison at the time. In fact, the participants make clear that they do not want Mr. Devito to even find out about their idea. Regardless, the tapes also contain numerous references to prior damage to the Brae Burn property (also owned by Debella) that is also alleged to be part of the Count 14 conspiracy as well as the Count 15 substantive charge of insurance fraud. Numerous hearsay statements on the tapes state that Devito orchestrated the damage, filed fraudulent claims and profited. A great deal of anger at Devito is expressed by Debello, the owner of Brae Burn and landlord to Devito, Liscio, the insurance agent and others.  These and highly prejudicial statements about Devito are all over the tapes, including also about unrelated matters and insinuations of organized crime relations.

4.    The severance is required because the other three defendants are on the tapes making numerous statements that are presumably admissible against them but are rank and prejudicial hearsay as to Mr. Devito. Numerous statements require severance under *Bruton v. United States,* 391 U.S. 123 (1968) because, even if admissions of codefendants, they are

4

hearsay as to Devito yet implicate him in charged past criminal activity concerning the Brae Burn property. The statements are not admissible as statements in furtherance of the prospective conspiracy to damage Debello's second house because (1) Devito is clearly not part of the conspiracy because he is in prison and the others do not want him to know or find out; (2) numerous statements by Debello and Lamanna cannot qualify because they are government agents; (3) the historical statements about past activities at Brae Burn do not further any ongoing conspiracy. The tapes are also inadmissible under *Crawford v. Washington,* 541 U.S. 36 (2004) because they are made by and at the behest of government informants who go to lengths to make statements of their own and to influence the making of statements by others. Finally, severance is also required simply by the severe prejudice to Mr. Devito from statements on the tapes. Whether about Brae Burn or unrelated topics, the statements about Mr. Devito are beyond the pale in terms of prejudice, as Mr. Devito is described variously and repeatedly as the "devil" or "scumbag" and worse and it is insinuated that he commits crimes regularly and may have organized crime connections. Mr. Devito cannot receive a fair trial with such evidence before the jury.

## FACTUAL INFORMATION

5. The other purpose in submitting this affirmation is to provide some brief factual information about the tapes for the Court's review of the motion. The government as furnished a number of cd's of conversations recorded by the informants roughly in the period November, 2004 through February, 2005. In many instances the government did not provide a draft transcript of the conversations, and in those cases characterizations and quotes in the memo of law to be filed in support of this motion will be taken from the tapes themselves. In other instances, the government has provided draft transcripts. Certain of these conversations, for example, November 10, 2004, January 29, 2004, February 2, 2005, February 8, 2005, are transcribed. Although in counsel's submission, the Court would benefit tremendously from

5

reading these transcripts in their entirety, we are advised that the rules for electronic filing in the district preclude their filing with this affirmation because they are too long. Accordingly, summary and references will be made in the memorandum of law to be filed. We suggest and stand ready to provide hard copies or other suitable copies of the transcripts in full to aid the Court's consideration of the motion.

    WHEREFORE, your affirmant respectfully requests that defendant's motion to sever and for such other and further relief as this Court may deem just and proper be granted in all respects. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York  
June 20, 2008

                                                                          _____  
                                                                          GEORGE L. SANTANGELO, ESQ.